84 P.3d 567

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jake Steven TYLER, Defendant–Appellant.**

**No. 28745.**

Court of Appeals of Idaho.

Oct. 30, 2003.

Review Denied Feb. 12, 2004.

---

Molly J. Huskey, State Appellate Public Defender; Justin Michael Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Jake Steven Tyler appeals from the judgment of conviction and sentence entered by the district court after Tyler pled guilty to aggravated battery. We affirm.

## I.

### FACTS AND PROCEDURE

On August 11, 2001, Tyler drove to the home of a man he had met three years previously. The man and Tyler then picked up three of Tyler's friends and drove to the foothills near Eagle. A fight ensued in which Tyler struck the man numerous times in the head and face. The man sustained cuts, bruises, and a badly broken jaw. Tyler and his friends left the man alone in the foothills. The man was eventually taken to the hospital and incurred medical bills amounting to over $17,000.

As a result of his participation in the fight, Tyler was charged with aggravated battery. I.C. §§ 18-903(a), 18-907(a). A plea agreement was reached with the state, and Tyler pled guilty on January 25, 2002. In exchange for Tyler's guilty plea, the state agreed to recommend an eight-year term of imprisonment, with two years fixed, and that the district court retain jurisdiction. Prior to sentencing, Tyler was arrested and charged with possession of methamphetamine. Before the sentencing hearing for aggravated battery, the prosecutor informed defense counsel that the state did not intend to comply with the plea agreement. At the sentencing hearing, counsel for Tyler requested a continuance to discuss with Tyler the state's intent to recommend a prison sentence and withhold a recommendation for retained jurisdiction based upon Tyler's subsequent commission of another felony. The continuance was granted. At the sentencing hearing, the state recommended that Tyler serve time in prison and stated that retained jurisdiction, in light of the new felony, was not appropriate. The district court sentenced Tyler to a ten-year term of imprison-

ment, with three years fixed, and declined to retain jurisdiction.

On appeal, Tyler argues that the state breached the plea agreement and that he is entitled to specific performance of the state's agreement at a new sentencing hearing. Alternatively, Tyler contends that the sentence imposed was excessive.

## II.

### ANALYSIS

#### A. Plea Agreement

When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). This principle is derived from the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). If the prosecution has breached its promise given in a plea agreement, it cannot be said that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false premise. *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App. 2002). In such event, the defendant will be entitled to relief. *Id.* As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. 495; *State v. Kennedy*, 139 Idaho 244, 245, 76 P.3d 988, 989 (Ct.App. 2003); *Rutherford*, 107 Idaho at 916, 693 P.2d at 1118.

The plea agreement in this case was set forth orally at the change of plea hearing. In exchange for Tyler's plea of guilty, the state promised to recommend an eight-year term of imprisonment, with two years fixed, and that the district court retain jurisdiction. Under the agreement, counsel for Tyler was free to argue for less punishment, and the state would be able to seek restitution. The

state also agreed to refrain from filing an additional criminal charge arising from the same incident.

On May 15, 2002, the date set for sentencing, counsel for Tyler requested a continuance, which was granted. Counsel wished more time to discuss with Tyler the state's intent to argue for imprisonment rather than retained jurisdiction. The state's planned change in its sentencing recommendation was based upon Tyler's commission of a new crime, possession of methamphetamine, after Tyler's guilty plea to aggravated battery.

On June 12, 2002, the sentencing hearing was conducted. The state acknowledged that it had originally agreed to recommend retained jurisdiction. However, the state asserted that Tyler's commission of a new crime after the plea agreement justified a change in the state's recommendation. Accordingly, the state recommended that retained jurisdiction was not appropriate under the changed circumstances and asked the district court to impose a period of incarceration in the penitentiary. Ultimately, the district court sentenced Tyler to a ten-year term of imprisonment, with three years fixed, and declined Tyler's request to retain jurisdiction. Tyler did not object to the state's recommendation at sentencing and did not later file a motion for relief before the district court.

On appeal, Tyler argues that the state breached its agreement by failing to recommend retained jurisdiction. The state contends that, at the time of sentencing, it was no longer bound to recommend retained jurisdiction.

 Ordinarily, issues not raised below may not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Nevertheless, because a breach of a plea agreement is fundamental error, a claim of such a breach may be considered for the first time on appeal if the record provided is sufficient for that purpose. *Fuhriman,* 137 Idaho at 744, 52 P.3d at 889; *State v. Brooke,* 134 Idaho 807, 809, 10 P.3d 756, 758 (Ct.App.2000). Here, the transcript of the trial court proceedings adequately discloses the terms of the plea agreement, and we are therefore able to address Tyler's claim of prosecutorial breach.

 Because plea agreements are contractual in nature, they are generally examined by courts in accordance with contract law standards. *State v. Doe,* 138 Idaho 409, 410–11, 64 P.3d 335, 336–37 (Ct.App.2003); *Fuhriman,* 137 Idaho at 744, 52 P.3d at 889. As with other types of contracts, the interpretation of a plea agreement and its legal effect are questions of law to be decided by the Court if the terms are clear and unambiguous. *Doe,* 138 Idaho at 410–11, 64 P.3d at 336–37. Contractual terms that are implied by the plea agreement, as well as those expressly provided, must be considered by the court. *Id.*

 When a defendant, as a result of a plea agreement, pleads guilty in exchange for a promise by the state to give a particular sentencing recommendation, there is an implied promise by the defendant that the circumstances under which the bargain was made will remain substantially the same. *State v. Pascall,* 49 Ohio App.2d 18, 358 N.E.2d 1368, 1369 (1972). The commission of a crime subsequent to entering a plea agreement and before sentencing is a change in circumstances amounting to a breach of that implied promise and is sufficient to excuse the state from fulfilling its promised recommendation. *See id.; State v. Giebler,* 22 Wash.App. 640, 591 P.2d 465, 466–67 (1979). We conclude that Tyler breached this implied promise. Tyler committed a new felony, possession of methamphetamine, for which he was awaiting sentencing, thus excusing the state's performance under the plea agreement and forfeiting any right to withdraw his guilty plea.[1]

1. The better practice would be for the state to clearly make its promise contingent on the condition that the circumstances under which the bargain was made will be in accordance with the defendant's representations and will remain unchanged prior to sentencing. These circumstances would include the defendant's representations as to his or her past criminal record, the defendant's compliance with bail release conditions, such as appearing at the sentencing hearing, and the defendant's compliance with the law prior to sentencing.

### B. Sentence

Tyler argues that the sentence imposed by the district court is excessive and represents an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett,* 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). After reviewing the record, we conclude that Tyler has failed to show an abuse of the district court's discretion and has not established that his sentence is excessive.

### III.

### CONCLUSION

Because Tyler breached an implied promise contained in his plea agreement, the state's promised performance under the agreement was excused. Tyler failed to show an abuse of the district court's discretion or that his sentence is excessive. Tyler's judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.