141 P.3d 1136

STATE of Idaho, Plaintiff–Respondent,

v.

Timothy Lee ALLEN, Defendant–Appellant.

Nos. 31096, 31097, 31098.

Court of Appeals of Idaho.

April 4, 2006.

Review Denied Aug. 16, 2006.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This appeal arises from three cases involving forgery and checks issued with insufficient funds. The defendant, Timothy Lee Allen, contends that the State breached the plea agreement for the first two cases, that the district court abused its discretion in imposing the sentences in those cases, and that the district court erred in denying a Rule 35 motion to reduce his sentences in all three cases.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

This consolidated appeal involves three separate but related criminal proceedings. The first two, Docket Nos. 31096 and 31097, although not formally consolidated, were handled together. In the spring of 2003, Allen attempted to purchase a vehicle for $12,118.70. He wrote three checks for the purchase price, but all three checks bounced. Allen ultimately returned the car to the seller but on August 12, 2003, was charged with three counts of issuing an insufficient funds check greater than $250, Idaho Code § 18–3106. In September 2003, Allen forged a $507.15 cashier's check to pay overdue rent, and two days later was charged with this forgery, I.C. § 18–3601. On October 25, 2003, Allen accepted a settlement offer regarding these two cases. He agreed to plead guilty to the forgery charge and to one count

of issuing an insufficient funds check, and waived his right to appeal the conviction and sentence. The State agreed to dismiss the other two counts of issuing insufficient funds checks and to recommend concurrent determinate sentences of eighteen months, leaving the indeterminate portion to the judge's discretion. However, the agreement also stated that the State's sentence recommendation was conditioned upon "no new criminal offense before date of sentencing." The district court accepted Allen's guilty pleas on November 14, 2003, and set the matter for sentencing in February 2004.

On November 17, 2003, three days after his guilty pleas in the earlier cases, the State charged Allen with twelve additional counts of issuing insufficient funds checks and three more counts of forgery for activities that took place between February and September 2003 (Docket No. 31098). These crimes were committed more or less contemporaneously with those in the previous two cases and before the initial plea agreement. Allen committed the offenses when he attempted to acquire a business. To appease the seller, he forged several documents supposedly showing his assets, and issued more than $73,000 in checks that never cleared. He also wrote eight payroll checks totaling more than $15,000 that were rejected for insufficient funds. On January 30, 2004, Allen accepted a settlement offer in this third case. He agreed to plead guilty to three counts of issuing an insufficient funds check and one count of forgery, as well as waive his right to appeal. The State agreed to dismiss the remaining charges and a persistent violator enhancement, and to recommend that the sentence on the four counts run concurrent with each other and with the sentence in the previous forgery case. The district court accepted the pleas and scheduled all three cases for a single sentencing hearing.

During sentencing, without objection from Allen, the State recommended unified twelve-year terms of imprisonment with six years determinate on both the forgery counts and three-year determinate sentences on each of the counts for insufficient funds checks, with the sentences to run concurrently. The district court ultimately imposed a ten-year uni-

fied sentence with three and one-half years determinate on both of the forgery charges. On each of the four counts for insufficient funds checks, the court imposed a three-year determinate term. The judge directed that all sentences run concurrently. Allen then filed Rule 35 motions to reduce his sentences in all three cases, which the court denied. Allen now contends that the State breached its plea agreement in Docket Nos. 31096 and 31097, that the court abused its discretion in imposing the sentences in the first two cases, and that the court erred in denying the motions to reduce the sentences in all the cases.

## II.

## DISCUSSION

### A. Breach of Plea Agreement

As a preliminary matter, before considering Allen's arguments that the State breached the first plea agreement, we must address the State's contention that neither this issue nor any of the other issues raised by Allen should be considered by this Court because, as a term of the plea agreements, he waived his right to appeal. A defendant's waiver of the right to appeal as a term of a plea bargain is generally valid and enforceable. Idaho Criminal 11(d)(1); *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Nevertheless, we must reject the State's waiver argument as to Docket Nos. 31096 and 31097 because if, as Allen contends, the State's sentence recommendations breached the plea agreement in those cases, the State would not be entitled to enforce its terms against Allen, including the appeal waiver. *See J.P. Stravens Planning Assoc., Inc. v. City of Wallace*, 129 Idaho 542, 545, 928 P.2d 46, 49 (Ct.App.1996) (If one party breaches a material term of the contract, the other party's performance is excused.) Consequently, the question of the enforceability of the appeal waiver goes hand in hand with the question whether the State breached the plea agreement.

Allen contends that the State was required, by the terms of the plea agreement in Docket Nos. 31096 and 31097, to recommend no more than one and one-half years deter-

minate regarding the initial counts of forgery and insufficient funds. He argues that the State's general recommendation of six years fixed on both of the forgery counts and three years fixed on all four of the insufficient funds counts constituted a breach of the plea agreement. The State responds that the third set of charges, filed on November 17, was a "new criminal offense before the date of sentencing," and thus the State was relieved of the sentence recommendation obligation in the initial plea agreement.

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). If the prosecution breaches its obligation under a plea agreement, "the defendant pleads guilty on a false premise, and hence his conviction cannot stand." *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437, 444 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). *See also State v. Kellis*, 129 Idaho 730, 733, 932 P.2d 358, 361 (Ct.App.1997); *State v. Banuelos*, 124 Idaho 569, 575, 861 P.2d 1234, 1240 (Ct.App.1993). Because plea agreements are contractual in nature, they generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410–11, 64 P.3d 335, 336–37 (Ct.App.2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the Court. *Doe*, 138 Idaho at 410–11, 64 P.3d at 336–37.

The State's argument that it was relieved of its obligation under the agreement because of a new criminal offense is not so much a claim that Allen breached the plea agreement as an assertion that a condition to the State's promised performance failed. As the Idaho Supreme Court has said, "[i]f the condition upon which the prosecution's promised sentencing recommendation was based

fails, the prosecution is not obligated to perform the agreement." *Berg v. State,* 131 Idaho 517, 519, 960 P.2d 738, 740 (1998). Such failures can occur when the State learns that the circumstances relevant to the agreement are not as they appeared to be. For example, in *Mata v. State,* 124 Idaho 588, 861 P.2d 1253 (Ct.App.1993) and in *State v. Litz,* 122 Idaho 387, 389, 834 P.2d 904, 906 (Ct. App.1992), the State's promise of a particular sentencing recommendation was made in reliance upon the defendant's representation that he did not have a criminal record. We held that it was not a breach of the plea agreement for the prosecutor to recommend a harsher sentence upon learning that the defendant in fact had a history of criminal conduct "[b]ecause the condition upon which the state's promised sentencing recommendation was based failed." *Mata,* 124 Idaho at 595–96, 861 P.2d at 1260–61.

■ The failure of a condition also may be caused by the defendant's actions after the plea agreement was made. For example, in *State v. Tyler,* 139 Idaho 631, 84 P.3d 567 (Ct.App.2003), after entering into a plea agreement, but before sentencing, the defendant committed another crime. We held that there was an implied term that the circumstances under which the bargain was made would remain substantially the same, and that the commission of a subsequent crime was a change in circumstances sufficient to excuse the State from fulfilling its promise. *Id.,* 139 Idaho at 634, 84 P.3d at 570. Similarly, in *Jafek,* 141 Idaho at 74, 106 P.3d at 400, *Berg,* 131 Idaho at 519–20, 960 P.2d at 740–41, and *State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988), the State was relieved of its contractual obligations when the defendant failed to appear at the sentencing hearing, for the defendant's promise to appear and accept the sentence was an implied condition of the plea agreement. And, in *Jones v. State,* 118 Idaho 842, 801 P.2d 49 (Ct.App. 1990), we held that the State's obligation to be lenient was premised upon the defendant's cooperation in testifying against an accomplice, which the defendant repudiated when he escaped.

■ The fact that Allen did not object to the prosecutor's sentencing recommendation or otherwise claim a prosecutorial breach of the plea agreement in the trial court does not, in itself, preclude consideration of the issue on appeal. It is generally true that if a party does not raise an issue before the trial court, that issue is waived for purposes of appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, if there is a fundamental error in a criminal case, an appellate court may consider the matter even though no objection was made in the court below. *State v. Haggard,* 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *Rutherford,* 107 Idaho at 915–16, 693 P.2d at 1117–18, this Court held that a breach of a plea bargain by the State is a fundamental error, and therefore the defendant's failure to object in the district court does not waive the right to raise the issue for the first time on appeal. The Idaho Supreme Court recently adopted this reasoning in *Jafek,* 141 Idaho at 74, 106 P.3d at 400.[1]

■ It does not follow, however, that appellate review is appropriate in every case where a claim of breach of the plea bargain is first asserted on appeal. An appellate court can know only what is revealed on the record and it is therefore incumbent upon the respective attorneys to clearly and unambiguously state the entire plea agreement on the record. *Banuelos,* 124 Idaho at 575, 861 P.2d at 1240; *Rutherford,* 107 Idaho at 914, 693 P.2d at 1116. We have said that when a prosecutorial promise is disputed and the record on appeal does not clearly disclose the terms of the plea agreement, appellate review is not possible. *See Kellis,* 129 Idaho at 734, 932 P.2d at 362; *Rutherford,* 107 Idaho at 914, 693 P.2d at 1116. Such is the case here.

■ Here, the agreement at first blush appears to be clearly articulated, for its detailed terms were memorialized in writing and then reiterated by the district court. However, it contains an ambiguous provision that the State's sentence recommendation is conditioned upon "no new criminal offenses before the date of sentencing." Whether this

1. We therefore decline the State's suggestion that    we overrule this doctrine.

plea agreement was violated hinges on this provision. The State argues that this clause removes the State's obligation to make the sentencing recommendation if new criminal offenses are *filed* before sentencing, even if the State was already aware of the potential charges. That interpretation is unreasonable. Such a meaning of the clause would make the agreement illusory, allowing the State to avoid its obligation merely by filing additional charges. The State would be able to fraudulently induce a defendant to plead guilty in one case while holding other charges in reserve so the State could later file the additional charges and then claim that it was relieved of its obligations under the plea agreement. If the State was aware of the additional offenses when it entered into the plea agreement with Allen, the State may not be heard to contend that its own act in filing the additional charges constituted a breach of the plea agreement by Allen or the failure of a condition precedent to the State's obligations. *See Fish v. Fleishman,* 87 Idaho 126, 133, 391 P.2d 344, 348 (1964); *Wade Baker & Sons Farms v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* 136 Idaho 922, 925–26, 42 P.3d 715, 718–19 (Ct.App.2002).

The clause has at least two other possible meanings, however, either of which is reasonable. It could mean that the State was bound by its promise as long as no new criminal offenses were *committed or discovered by the State* before sentencing. This interpretation has the advantage of ensuring that the circumstances under which the bargain was made remain substantially the same. If this is the correct meaning, then the question whether the State breached the plea agreement by its sentencing recommendation turns upon whether agents of the State were aware of Allen's offenses, subsequently charged in Docket No. 31098, at the time he pleaded guilty in Docket Nos. 31096 and 31097. If the new charges were discovered by the State after Allen's first guilty plea, then no breach by the State would have occurred. On the other hand, the language could be interpreted as Allen proposes, to provide that Allen could lose the benefit of the plea agreement only if he *committed* a new offense prior to sentencing. If this is

the case, then the State breached the plea agreement. Both of these interpretations are plausible, and because the term is subject to conflicting interpretations, it is ambiguous. *State v. Claxton,* 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct.App.1996) (citing *Rutter v. McLaughlin,* 101 Idaho 292, 293, 612 P.2d 135, 136 (1980)).

■ As previously stated, a plea agreement is contractual in nature and is generally measured by contract law standards. *See Rutherford,* 107 Idaho at 914, 693 P.2d at 1116. Under contract law, the *determination* that a document is ambiguous is a question of law, but *interpretation* of that ambiguous term presents a question of fact. *Claxton,* 128 Idaho at 785, 918 P.2d at 1230 (citing *DeLancey v. DeLancey,* 110 Idaho 63, 65, 714 P.2d 32, 34 (1986)). Such interpretations require a trier a fact to discern the intent of the contracting parties, generally by considering the objective and purpose of the provision and the circumstances surrounding the formation of the agreement. *Int'l Eng'g Co., Inc. v. Daum Indus., Inc.,* 102 Idaho 363, 365, 630 P.2d 155, 157 (1981). However, in this case, no fact-finder has passed on this question; indeed, neither party presented evidence about the meaning they intended to ascribe to the provision. Nor is there any evidence as to whether the new charges were known to the prosecutor at the time of the plea agreement or were discovered thereafter. Further, as the State argues, it is possible that the second plea agreement, which encompassed the charges in Docket No. 31098, was intended to supersede the earlier plea agreement. The absence of any objection by defense counsel to the State's recommendation at sentencing contributes to the uncertainty.

In this circumstance, Allen's claim cannot appropriately be determined on appeal. An evidentiary hearing before the district court is necessary to resolve the factual issues as to the meaning of the term, whether it was breached, and whether the first plea agreement was superseded. Consequently, we decline to render a decision on his claim that the State breached the plea agreement, and the claim is preserved without prejudice to Allen's opportunity to pursue it through ap-

propriate proceedings in the trial court. *See Kellis*, 129 Idaho at 734, 932 P.2d at 362.

## B. Sentence

Allen asserts that the district court abused its discretion in imposing total unified sentences of ten years with three and one-half years determinate in Docket Nos. 31096 and 31097 in light of his remorse and the strong support he receives from his family. Although a question remains as to whether Allen waived his right to appeal these sentences, we conclude that the waiver issue ultimately will not be determinative of the outcome of the appeal concerning the reasonableness of the sentences and, in the interest of judicial efficiency, we therefore address it.

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). For purposes of appellate review, we consider the minimum period of confinement as the probable duration of incarceration. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993).

Allen's sentences in Docket Nos. 31096 and 31097 are not unreasonable. When he committed these offenses, Allen had just finished serving a Washington state sentence and was on federal probation for felony theft, forgery, and fraud charges related to stealing approximately $800,000 from client trusts accounts in his accounting business. The crimes in the present cases are similar, and he has re-offended. Although Allen has expressed remorse for the crimes in the present cases, he downplayed the impact that

his actions had on his victims and their ability to do business; he instead focused on his own desperation brought on by his numerous illegal schemes. The district court appropriately crafted the sentence to balance a need for deterrence and rehabilitation with the need for restitution, allowing for the possibility of parole release in three and one-half years so that Allen can begin attempting to repay his victims. We hold that the district court did not abuse its discretion in imposing the sentences for these two cases.

Allen also contends that the district court erred in denying his Rule 35 motions to reduce his sentences in all three cases, arguing that his sentences were excessive as initially imposed. A motion pursuant to Idaho Criminal Rule 35 is essentially a request for leniency which may be granted in the discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). If the sentence is not excessive when imposed, the defendant must show on appeal that it is excessive in view of new or additional information presented with his motion to reduce the sentence. *State v. Springer*, 122 Idaho 544, 545, 835 P.2d 1355, 1356 (Ct.App.1992); *State v. Caldwell*, 119 Idaho 281, 284, 805 P.2d 487, 490 (Ct.App. 1991). We review the trial court's decision for an abuse of discretion, applying the same criteria used for determining the reasonableness of the original sentence. *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991); *Forde*, 113 Idaho at 22, 740 P.2d at 64; *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984).

We have concluded above that the district court did not abuse its discretion in imposing sentence in the first two cases, and Allen presented no new information with his Rule 35 motion that would alter that conclusion. Therefore, we hold that the district court properly denied the Rule 35 motion in Docket Nos. 31096 and 31097.

As to the motion filed in the third case, Docket No. 31098, we hold that Allen's appellate challenge to the denial of his Rule 35 motion has been waived by his plea agreement. That plea agreement, like the first one, contained a clause by which Allen

**274**

waived his right to appeal. Arguably, that waiver did not preclude Allen from filing a Rule 35 motion for reduction of his sentence in the trial court. However, because Allen filed no new evidence in support of that Rule 35 motion, an appeal from the order denying the motion would amount to nothing more than a challenge to the reasonableness of the sentences as originally imposed. To allow an appellate challenge to the denial of the Rule 35 motion in these circumstances would allow Allen and similarly situated defendants to evade the appeal waiver in their plea agreements merely by filing an unsupported Rule 35 motion and appealing the subsequent denial order. Accordingly, we will not address his argument that the Rule 35 motion was improperly denied in Docket No. 31098, and we dismiss that portion of his appeal.

### III.

### CONCLUSION

Because no finder of fact has determined the meaning of an ambiguous material term in the plea agreement or resolved related factual issues, on appeal we are unable to determine whether the agreement was breached. We therefore decline to address the issue. As to the sentences, we hold that the district court did not err in initially imposing the sentences or in denying Allen's Rule 35 motion to reduce the sentences in Docket Nos. 31096 and 31097. Therefore, the judgment of conviction and sentences, and the district court's orders denying Allen's Rule 35 motions in those cases, are affirmed. This affirmance is without prejudice to Allen's ability to request relief in the trial court for an alleged breach of the plea agreement. Allen's appeal in Docket No. 31098 is dismissed on the ground that his right to appeal was waived in that case.

Chief Judge PERRY and Judge GUTIERREZ concur.

