## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 35425

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 632 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT M. RUIZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>. Order of restitution, <u>affirmed</u> in part, <u>vacated</u> in part.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Ian H. Thomson argued.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

GRATTON, Judge

Robert M. Ruiz appeals the district court's award of restitution and the denial of his Idaho Criminal Rule 35 motion for a reduction of his sentence. We affirm in part and vacate in part.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Police officers arrived at Lake City Antique Mall in response to a suspected burglary. The officers confronted Ruiz and two other individuals. When it was discovered Ruiz was on felony parole in Washington, the officers contacted his Washington parole officer. His Washington parole officer requested that the Idaho officers arrest Ruiz for violating a term of his parole, and gave the Idaho officers consent to search his car. The officers found jewelry in the car from Lake City Antique Mall and from Antique Corner.

Ruiz was charged with burglary of Lake City Antique Mall, and with a persistent violator sentencing enhancement, Idaho Code §§ 18-1401, 18-204. On March 12, 2008, the State and

1

Ruiz entered into a written pretrial settlement agreement. Ruiz agreed to plead guilty to burglary and agreed restitution was "reserved." The State agreed to: (1) dismiss the persistent violator enhancement; (2) recommend a concurrent sentence with the Washington parole violation; (3) recommend a unified sentence of five years with two years determinate; and (4) dismiss a separately charged case against Ruiz for burglarizing Antique Corner. On March 25, 2008, Ruiz pled guilty to the Lake City Antique Mall burglary and was advised that he would be obligated to pay restitution. The district court sentenced Ruiz to a unified term of ten years with two and one-half years determinate. Ruiz filed an I.C.R. 35 motion, which the district court denied.

The State sought a restitution order for Lake City Antique Mall and Antique Corner. After two hearings, the court awarded Lake City Antique Mall $3,894 and Antique Corner $3,870.[1] Ruiz appeals.

## II.

## DISCUSSION

### A. Restitution to Antique Corner

Ruiz argues that the district court could not award restitution to Antique Corner because he only pled guilty to burglary of Lake City Antique Mall and did not consent to pay restitution to Antique Corner. The decision whether to order restitution is within the discretion of the trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. We will not overturn an order of restitution unless an abuse of discretion is shown. An abuse of discretion may be shown if the order of restitution was the result of arbitrary action rather than logical application of proper factors in I.C. § 19-5304(7). *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). In reviewing the trial court's exercise of discretion, this Court must determine whether the trial court: (1) correctly perceived the issue as one involving the exercise of discretion; (2) acted within the outer boundaries of its discretion and consistently with any legal standards applicable to specific choices it had; and (3) reached its decision by an exercise of reason. *State v. Powell*, 125 Idaho 889, 891, 876 P.2d 587, 589 (1994). Courts of criminal

---

[1] The restitution for Antique Corner was awarded as follows: $2,450 to the McCrays, owners of Antique Corner, and $1,420 to Velez, an independent dealer that rented space within Antique Corner.

jurisdiction, however, have no power or authority to direct restitution to a crime victim in the absence of a statutory provision to such effect. *State v. Aubert*, 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct. App. 1991), *overruled on other grounds by State v. Dorsey*, 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct. App. 1995). Ordering restitution outside the boundaries set forth in I.C. § 19-5304, is an abuse of the district court's discretion. *State v. Schultz*, 148 Idaho 884, 886, 231 P.3d 529, 531 (Ct. App. 2008).

Idaho's restitution statute provides that a court "shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." I.C. § 19-5304(2). The statute defines "victim" to include a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct. I.C. § 19-5304(1)(e)(i). The statute defines "economic loss" as the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses resulting from the criminal conduct. I.C. § 19-5304(1)(a). There must be a causal connection between the conduct for which the defendant is convicted and the damages the victim suffers. *Schultz*, 148 Idaho at 886, 231 P.3d at 531.

Ordinarily, a court may only order a criminal defendant to pay restitution for economic loss that resulted from a crime of which the defendant has been found guilty. I.C. § 19-5304(2); *State v. Shafer*, 144 Idaho 370, 373, 161 P.3d 689, 692 (Ct. App. 2007). The defendant, however, may agree to pay restitution for other damages not related to his conviction. Idaho Code § 19-5304(9) states: "The court may, with the consent of the parties, order restitution to victims, and/or any other person or entity, for economic loss or injury for crimes which are not adjudicated or are not before the court." In *Shafer*, 144 Idaho at 373, 161 P.3d at 692, this Court stated:

> Although the restitution statute does not authorize imposition of restitution for economic losses not caused by the crime of which a defendant was convicted, defendants may consent to pay such costs as a term of a plea agreement. Idaho Code § 19-5304(9) permits the court, "with the consent of the parties," to enter an order for restitution to the victim or others "for economic loss or injury for crimes which are not adjudicated or are not before the court."

(Footnote omitted.) Thus, the statute only authorizes the court to order restitution when either the loss is related to a judgment of conviction or the defendant consents to pay. *Id*. at 372, 161 P.3d at 691.

A defendant's consent to pay restitution can be established through a plea agreement. *See Shafer*, 144 Idaho at 374, 161 P.3d at 693. Plea agreements are contractual in nature and are generally examined in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Allen*, 143 Idaho 267, 270, 141 P.3d 1136, 1139 (Ct. App. 2006). The interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law. *Allen*, 143 Idaho at 270, 141 P.3d at 1139. Further, "[t]he determination that a plea agreement is ambiguous is a question of law; however, interpretation of an ambiguous term is a question of fact." *State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010) (citing *Allen*, 143 Idaho at 272, 141 P.3d at 1141). Ambiguities in a plea agreement are to be resolved in favor of the defendant. *Peterson*, 148 Idaho at 595, 226 P.3d at 537. "Factual determinations made by a trial court shall not be set aside on review unless they are clearly erroneous." *Peterson*, 148 Idaho at 595, 226 P.3d at 537.

In this case, the criminal complaint charged Ruiz with burglary of "Lake City Antique Mall" as a persistent violator. Ruiz was separately charged in CRF08-3839 for the alleged burglary of Antique Corner. On March 12, 2008, the State and Ruiz entered into a written pretrial settlement agreement, memorializing the agreement on a form provided by the State. Ruiz agreed to plead guilty to burglary, and the State agreed to dismiss the Antique Corner case. As to restitution, the agreement stated only "reserved." On March 14, 2008, Ruiz filed his written plea with no mention of restitution. On March 25, 2008, Ruiz pled guilty in court and received the following warning about restitution:

> Court: Do you understand that if you plead guilty and restitution is an issue that you may be ordered to pay restitution?
> Defendant: Yes.

During the sentencing hearing, the prosecutor gave his sentencing recommendation and stated:

> The only additional comment I would make, Your Honor, because I don't have any familiarity with this case since I'm pinch hitting for Ms. Rosen is the issue of restitution. I don't believe there's been an agreement as to restitution so that we'd just ask for restitution to be set out for a hearing at some date in the future.

The court sentenced Ruiz to a unified sentence of ten years with two and one-half years determinate. The sentencing disposition and notice of right to appeal dated May 5, 2008, stated:

> **IT IS FURTHER ORDERED** pursuant to *I.C. § 19-5302* that the court shall reserve jurisdiction to determine the amount of restitution you shall pay your

4

victim(s) in this matter. The amount shall be determined from time to time by stipulation or upon notice and hearing. Thereafter, a separate civil judgment shall be entered against you and in favor of your victims. Such civil judgment shall bear statutory interest from the date of each offense. [Handwritten addition:] Left open for 60 days.

On May 14, 2008, the State sought restitution from Ruiz for Lake City Antique Mall in an amount yet to be determined and $3,870 for Antique Corner. On May 21, 2008, Ruiz filed an objection and requested a hearing to contest the amount of the request, but did not specifically object to paying any restitution to Antique Corner. The State amended its motion to request $3,894 for Lake City Antique Mall. At the outset of the first restitution hearing, on February 11, 2009, Ruiz objected to any evidence from owners or dealers of Antique Corner on the grounds that their testimony was irrelevant because he had not agreed to pay restitution to Antique Corner in his plea agreement, and it was not the victim of the crime covered in his guilty plea. Ruiz's objection was overruled. At the second restitution hearing, Ruiz again, unsuccessfully, argued that he could not be ordered to pay restitution to Antique Corner.

On May 29, 2009, the court ordered Ruiz to pay restitution in the amount of $3,894 to Lake City Antique Mall and $3,870 to Antique Corner. The district court reasoned that it could order restitution for Antique Corner because it met the definition of "victim" as set forth in I.C. § 19-5304(e)(i): "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct . . . ." The district court erred in this analysis. Idaho Code § 19-5304(2) only authorizes courts to order restitution when the defendant is found guilty of a crime which results in an economic loss to the victim. There must be a causal connection between the adjudicated crime and the victim's loss. *Shafer*, 144 Idaho at 373, 161 P.3d at 692. The crime Ruiz pled guilty to, burglarizing Lake City Antique Mall, did not cause loss to Antique Corner. On appeal, the State has acknowledged that because Ruiz only pled guilty to burglarizing Lake City Antique Mall, he could not be ordered to pay restitution under I.C. § 19-5304(2) to Antique Corner.

An alternative basis for awarding restitution to Antique Corner could be based upon consent of the parties under I.C. § 19-5304(9). Because the district court reasoned that it could award restitution to Antique Corner under the definition of victim, it did not make a finding of whether Ruiz consented to pay restitution in his plea. Ruiz contends that the statement in the plea agreement that restitution was "reserved" represented only a lack of agreement on the

5

amount to be paid for restitution to Lake City Antique Mall. In essence, he contends that there is nothing within the written plea agreement which indicates consent to pay restitution to Antique Corner. We agree. The State argues that no prosecutor would agree to dismiss another case in which loss was sustained without obtaining restitution. The State implies that the mere agreement to dismiss the Antique Corner case suggested consent to pay restitution in that case.[2] Despite the arguments advanced by the State, no evidence in the record provides any indication of consent by Ruiz to pay restitution to Antique Corner.[3] Express consent to pay restitution to Antique Corner could have been easily stated in the agreement. The agreement dismissing the Antique Corner case and providing that restitution is "reserved," is not evidence of consent to pay restitution to Antique Corner. Moreover, the State has acknowledged that the term "reserved" generally is used to refer to the fact that the amount of restitution is yet to be determined, not to whom restitution is agreed to be paid. As no evidence exists in the record that Ruiz agreed to pay restitution to Antique Corner, the district court erred in awarding restitution to Antique Corner.[4]

**B.      Restitution to Lake City Antique Mall**

Ruiz claims that the amount of restitution awarded to Lake City Antique Mall is not supported by the evidence. Idaho Code § 19-5304(7) provides that a court, in determining

---

[2]      The State argues that this Court has found implied consent to pay restitution, citing *Shafer*. *Shafer* is distinguishable because the agreement as to restitution, stating "amount to be determined," could only have referred to the individual injured in the automobile accident, as no loss was caused by Shafer leaving the scene of the accident. *Shafer*, 144 Idaho at 371-75, 161 P.3d at 690-94. Moreover, intent to pay was further demonstrated by Shafer's silence as the court ordered monthly restitution payments after hearing evidence of the injured party's damages. *Id*. at 375, 161 P.3d at 690.

[3]      The State has asserted that Ruiz failed to show the trial court erred in ordering restitution to Antique Corner because he had the burden of proving a breach of the plea agreement and failed in his burden, citing to *Peterson*, 148 Idaho at 596, 226 P.3d at 538 (placing the burden of proof on a defendant that was trying to enforce a plea agreement). Ruiz did not seek to enforce a plea agreement or argue a breach of the plea agreement. It was the State's burden, as the party seeking restitution, to demonstrate entitlement, in this case, by consent.

[4]      While the State argued that the record is not adequately developed for this Court to review whether Ruiz consented to pay Antique Corner, the State has acknowledged that the issue was presented to the district court and that it had an opportunity to submit evidence on the issue.

6

whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. Idaho Code § 19-5304(6) provides that economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997).

At the restitution hearing, Michelle Albert, an owner of Lake City Antique Mall, testified that after the burglary, she hired two temporary employees in addition to her employee, Nancy Hirst, to look through the store and identify any items that might have been stolen. She compiled a list of items, to the best of her knowledge, of what she believed was taken and the value of each item based on its price in the store. Albert provided a report of missing items for the police, and she testified that while the State's Exhibit 4 was not her handwritten report, the exhibit listed the same items and values as the report she submitted to the police. Albert conceded she did not maintain an inventory system for her store, was not present during the burglary, and could not say with 100 percent certainty the number of items stolen. After the report was prepared, five Black Hills gold chains were found hidden inside the store. The exhibit listed only three Black Hills gold chains as stolen with values between $75 and $195.[5] Albert estimated the value of the found chains at $250.

---

[5]     Ruiz argues that an ambiguity exists in Exhibit 4 because when Albert was testifying, she placed a checkmark next to the items in Exhibit 4 that were found, but there are checkmarks next to most of the items in Exhibit 4. From Albert's testimony, it is clear the only items that were found were the Black Hills gold chains:

Ms. Gardner: Could the witness be allowed to place a checkmark next to the items that she's since located?

The Court: Certainly.

Q. (By Ms. Gardner) Could you tell us which items you've just checked?

A. Black Hills gold times three it says here.

. . .

Q. And what is the total value of the items that you have down there on that list?

A. This says 75, dash, 195.

. . .

Q. The collective value. What is that?

7

Hirst, the employee present during the burglary, testified that one of the three co-defendants left the store and returned several times. Hirst stated that the only item from the store that police officers recovered from Ruiz's car was a box of rings, which was returned to the store. She also testified that months after the robbery she found hidden in a cupboard behind a platter a number of gold necklace chains that were believed to have been stolen. Hirst testified that the necklace chains she found were the Black Hills gold chains that Albert testified had been found. Hirst also testified to the number of necklace chains she found, as follows:

> Q. Necklace chains? Okay. And since that time you've recovered how many chains in October?
> A. I just had that card full. I never had any reason to count them.
> Q. No. The chains that you found in October, how many chains did you find in October?
> A. Whatever was on that card. I didn't count them.
> Q. You think you found everything that went missing?
> A. No. I think I found what I know for sure that they took.
> Q. Okay. Anything else that's missing you would have no idea if they were in that area and touched it; is that right?
> A. No.

Ruiz argues that Lake City Antique Mall recovered *all* of the items Ruiz took from the store and it should only have been awarded about $200 for its labor cost in inventorying items after the burglary. Ruiz relies on two statements by Hirst to argue that all items had been recovered. First, Hirst stated that the police recovered the stolen rings from Ruiz's car. However, the rings were not included in the list of items for which restitution was sought. Second, Ruiz places great emphasis on Hirst's answer stating "No. I think I found what I know for sure that they took." From the context of the question, the statement related to the Black Hills gold chains. She did not state that all other missing jewelry had been found. While Hirst's answer was not completely clear, the district court was in the best position to evaluate its meaning. It should also be noted, that Ruiz did not argue to the district court his present contention that all the stolen items had been recovered.

The district court found Albert to be credible and that she was in the best position to know the value of the items taken. Albert submitted a detailed list of each item she believed had

---

A. The collective value, uh, two -- I don't know exactly. About 250.

been stolen and her estimated value of each item. With appropriate deduction for the value of the Black Hills gold which had been located, Albert estimated the value of the stolen property ranged from $2,559 to $4,249. Ruiz presented no evidence to rebut the State's evidence as to value. The district court awarded $3,894 in restitution to Lake City Antique Mall. Substantial and competent evidence supports the $3,894 award to Lake City Antique Mall.

## C.     Idaho Criminal Rule 35

Ruiz argues the district court abused its discretion by denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Pursuant to the pretrial settlement agreement, the State agreed to recommend a unified sentence of five years with two years fixed. The presentence investigation revealed that Ruiz had eighteen felony convictions, including a 1995 burglary in Coeur d'Alene, and numerous misdemeanor convictions. He was on probation for residential burglary when he committed the present offense. The investigator reported that Ruiz admitted committing the crime, stated he was sorry, and acknowledged having a serious heroine addiction, but the investigator characterized Ruiz as "very conwise and unremorseful." The investigator recommended a period of incarceration to be determined by the court. The court indicated that its intent was to structure the sentence so that Ruiz would be sent to Washington to serve his remaining sentence for the parole violation, and then return to Idaho to serve the remainder of his determinate sentence, while participating in the therapeutic community.

Ruiz advised the district court, in his Rule 35 motion, that the intended structure of the sentence had been thwarted because the state of Washington did not seek to extradite Ruiz and, instead, placed a "hold" on him to obtain custody after he completed his sentence in Idaho.

Thus, Ruiz asserted that he was not receiving concurrent treatment for his sentence in Washington. Also, by Washington placing a "hold" on him, Ruiz would not qualify for the therapeutic community, based on the Idaho Department of Correction's policy. Ruiz claimed he deserved a reduction in his sentence so he could be sent to Washington to receive concurrent treatment of his sentences and make him eligible to take part in the therapeutic community. The district court denied the motion noting that even if Ruiz could not receive treatment or a concurrent sentence, the sentence still served the goals of protecting society and punishing the offender.

On appeal, Ruiz only argues that the district court abused its discretion by failing to reduce his sentence during the Rule 35 hearing. Ruiz acknowledges the sentence is within the statutory maximum, but contends he is motivated to be reunited with his supportive family; he is remorseful; he has accepted responsibility for committing the crime; he acknowledges he has a substance abuse problem and is willing to seek treatment; and he believes he can obtain employment. Ruiz contends it was an abuse of discretion not to reduce the sentence, considering these mitigating factors. Ruiz does not argue any error in the inability to receive concurrent sentences with the Washington sentence, or his inability to participate in the therapeutic community, as he argued during his Rule 35 hearing.

Applying the foregoing standards and having reviewed the record, we cannot say that the district court abused its discretion by failing to reduce Ruiz's sentence.

## III.
## CONCLUSION

The award of restitution to Antique Corner, as to both the McCrays and Velez, is vacated. The award of restitution to Lake City Antique Mall is affirmed. The judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**