**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47121**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 8, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANTHONY JOSEPH ANAYA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment of conviction and aggregate sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault, enhanced for use of a deadly weapon; unlawful possession of a firearm; and criminal solicitation to commit a crime, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Anthony Joseph Anaya appeals from his judgment of conviction and aggregate sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault, enhanced for use of a deadly weapon; unlawful possession of a firearm; and criminal solicitation to commit a crime. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While armed with a handgun, Anaya, a convicted felon, drove to a residence looking for an individual who allegedly owed Anaya money. The brother of the individual Anaya was

1

looking for answered the door and told Anaya that the individual Anaya sought was not at the residence. After refusing the brother's command to leave, Anaya drew his handgun when the brother reached for a cell phone. Anaya fled in his vehicle when he realized the brother had called the police. Officers subsequently stopped Anaya and conducted a consent search of his vehicle. A handgun was found under the vehicle's hood and wrapped in a shirt.

The State charged Anaya with unlawful possession of a firearm; two counts of aggravated assault, each with a deadly weapon enhancement; and a persistent violator enhancement. Pursuant to a plea agreement, Anaya pled guilty to aggravated assault, with a deadly weapon enhancement (I.C. § 18-905); unlawful possession of a firearm (I.C. § 18-3316); and solicitation to commit a crime (I.C. § 18-2001) for allegedly soliciting a friend to contact the victims and deter them from testifying. Anaya also waived his appeal rights, including the right to appeal matters involving his pleas or sentences. In exchange for Anaya's guilty pleas, the State agreed to recommend that any sentences imposed run concurrently. Prior to sentencing, Anaya moved to withdraw his pleas, arguing that his pleas were coerced and that he was unaware that he pled guilty to solicitation to commit a crime until after entry of his pleas. After a hearing, the district court denied Anaya's motion.

Anaya was sentenced to a unified term of twenty years, with a minimum period of confinement of ten years, for aggravated assault, enhanced for the use of a deadly weapon; a determinate term of five years for unlawful possession of a firearm; and a determinate term of five years for criminal solicitation to commit a crime. The district court ordered that Anaya's sentences be served concurrently. Anaya appeals.

## II.

## ANALYSIS

Anaya argues that the district court erred in denying his motion to withdraw his guilty pleas and that his sentences are excessive. The State responds that Anaya waived the right to appellate review of these issues as a term of his plea agreement and that his claims otherwise fail on the merits. We hold that Anaya's appeal waiver is enforceable, the district court did not err in denying Anaya's motion to withdraw his guilty pleas, and Anaya waived the right to appeal his sentences.

2

## A.    Appeal Waiver

Defendants may waive their right to appeal as a term of a plea agreement. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2012). A waiver of the right to appeal included as a term of a plea agreement is enforceable if the record shows that it was voluntarily, knowingly, and intelligently made. *State v. Cope*, 142 Idaho 492, 496, 129 P.3d 1241, 1245 (2006). Appellate courts employ the same analysis used to determine the validity of any guilty plea when evaluating the enforceability of a waiver of the right to appeal provided as part of a plea agreement. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). When the validity of a guilty plea is challenged on appeal, we conduct an independent review of the record. *State v. Hawkins*, 115 Idaho 719, 720, 769 P.2d 596, 597 (Ct. App. 1989). If the evidence is conflicting as to the circumstances surrounding the plea, we will accept the trial court's findings of fact supported by substantial evidence. *Id.* at 720-21, 769 P.2d at 597-98. However, we will freely review the trial court's application of constitutional requirements to the facts found. *Id.* at 721, 769 P.2d at 598.

Anaya's written plea agreement contained the following term:

> By accepting this offer [Anaya] waives the right to . . . appeal *any* issues in this case, including all matters involving the plea or the sentence and any rulings made by the court, including all suppression issues.

Anaya does not argue that either issue he raises on appeal falls outside the scope of this waiver. Rather, Anaya argues only that the waiver is invalid because his guilty pleas were not voluntary and intelligent. Specifically, Anaya contends that he was pressured into pleading guilty by both his counsel and the State and that he was unaware that he pled guilty to solicitation to commit a crime until after the district court accepted his pleas. Neither of Anaya's arguments are supported by the record.

Prior to Anaya's change of plea hearing, he completed a guilty plea advisory form. Although Anaya initially answered "yes" to a question on that form asking whether his attorney told him that he must accept the plea agreement, Anaya later changed his answer to "no." Anaya also marked "yes" to two questions asking whether anyone forced or coerced him in any way into accepting the plea agreement and whether other promises had been made which influenced his pleas. However, Anaya answered "yes" to a question asking whether he understood that no

one, including his attorney, could force him to plead guilty. Additionally, Anaya gave affirmative answers to questions asking whether he read his plea agreement; whether it was acceptable to him; whether he understood he was waiving his right to appeal his judgment of conviction and sentences unless the district court were to exceed the State's recommended sentence; and whether he read the charges against him. At the end of the form, Anaya signed the following statement:

> I have answered the questions on pages 1-10 of this Guilty Plea Advisory form truthfully, understand all of the questions and answers herein, have discussed each question and answer with my attorney, and have completed this form freely and voluntarily **WITH A COMPLETE UNDERSTANDING OF THE CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WITH KNOWLEDGE OF THE POTENTIAL CONSEQUENCES OF THIS PLEA.** Furthermore, no one has forced me or threatened me to plead guilty.

During the change of plea hearing, the district court questioned Anaya under oath about his decision to plead guilty. Anaya again affirmed that he read the plea agreement and the amended information; that he received sufficient time to confer with his attorney; and that he understood the decision to plead guilty was his alone. The district court then recited the terms of the plea agreement--including that Anaya would plead guilty to aggravated assault with a deadly weapon enhancement, unlawful possession of a firearm, and solicitation to commit a crime. The district court also questioned Anaya about the guilty plea advisory form. Anaya affirmed that he reviewed the form with his attorney, that he understood the questions on the form, and that he answered the questions therein. Finally, Anaya also affirmed that no one had promised him anything in exchange for his pleas other than what was in his plea agreement and that he was voluntarily pleading guilty. Anaya then admitted to a factual basis for each of the three charges contained in the amended information and pled guilty to each charge, and the district court accepted his pleas.

Anaya's challenge to the voluntariness of his guilty pleas and appeal waiver arises from "pressure" he allegedly felt in having to decide whether to plead guilty to eliminate the potential of a persistent violator enhancement. During the hearing on Anaya's motion to withdraw his guilty pleas, Anaya testified that he felt pressure because, if he did not "say the right things," he would not get the deal the prosecution was offering and that he pled guilty to "get it over with." However, Anaya also conceded that, when he asserted that his counsel said Anaya must accept

4

the plea agreement, he meant he was told he had to accept the plea agreement to avoid the potential of a persistent violator enhancement.

A plea of guilty is deemed coerced only where it is improperly induced by ignorance, fear or fraud. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). Fear and anxiety arising from legitimate charges do not necessarily amount to unconstitutional coercion. *See State v. Storm*, 123 Idaho 228, 231, 846 P.2d 230, 233 (Ct. App. 1993). Defendants with competent counsel and protected by procedural safeguards are presumed capable of intelligent choice despite such prosecutorial persuasion. *Id.* Anaya does not argue, nor has he shown, that he lacked competent counsel or that procedural safeguards were violated. Thus, Anaya's argument that his fear of a persistent violator enhancement rendered his guilty pleas involuntary fails.

Anaya's argument that his appeal waiver was unintelligent because he was unaware that he was pleading guilty to solicitation to commit a crime similarly fails. As outlined above, the district court reviewed the charges against Anaya and the terms of his plea agreement during the change of plea hearing. Anaya affirmed under oath that he was pleading guilty to aggravated assault, with a deadly weapon enhancement; unlawful possession of a firearm; and solicitation to commit a crime. Anaya then admitted to a factual basis for and pled guilty to *each* crime. At no point during the change of plea hearing did Anaya express surprise at being questioned about the solicitation charge. Consequently, the district court did not err in concluding that Anaya was aware he was pleading guilty to the solicitation charge and that his guilty plea was intelligent.

In sum, the record shows that Anaya voluntarily and intelligently pled guilty pursuant to the terms of the plea agreement, which included that Anaya waived his right to "appeal *any* issues in this case, including all matters involving the plea or the sentence." Because Anaya does not challenge the application of the appeal waiver on any other grounds, the waiver is enforceable.

### B.  Motion to Withdraw Guilty Pleas

Although we hold that Anaya's appeal waiver is enforceable, it is not clear that the waiver bars his challenge to the denial of his motion to withdraw his guilty pleas. Some courts hold that an appeal waiver can bar appeals from the denial of a motion to withdraw a guilty plea. *See United States v. McGuire*, 796 F.3d 712, 715 (7th Cir. 2015); *United States v. Salas-Garcia*,

698 F.3d 1242, 1255 (10th Cir. 2012). This Court, however, has previously held that an appeal waiver does not bar an appeal that, if decided in the appellant's favor, would render the waiver unenforceable. *See State v. Allen*, 143 Idaho 267, 270, 141 P.3d 1136, 1139 (Ct. App. 2006). Anaya moved to withdraw his guilty pleas based upon the argument that the pleas were constitutionally invalid. Anaya raises the same argument to challenge the denial of his motion to withdraw. This challenge, if successful, would invalidate his guilty pleas as well as Anaya's appeal waiver as a component of those pleas. *See United States v. Ramos-Mejia*, 721 F.3d 12, 14 (1st Cir. 2013) (reviewing claim under plain error standard that guilty plea was not knowing, intelligent, or voluntary because a waiver of appeal provision evaporates where the plea is invalid); c*f. Allen*, 143 Idaho at 270, 141 P.3d at 1139 (observing that a breach of a plea agreement by the State would render an appeal waiver given as part of a plea agreement unenforceable). Assuming without deciding that Anaya's appeal waiver does not bar an appeal from the denial of his motion to withdraw his guilty pleas, we hold that the district court did not err in denying the motion.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* The denial of a motion to withdraw a guilty plea after the plea is accepted but before sentencing is not an abuse of discretion when the defendant fails to show just reason to permit the withdrawal. *See State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). A defendant who establishes that his or her plea was not knowing, voluntary, and intelligent also establishes just reason for withdrawal of that plea as a matter of law. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009).

The district court denied Anaya's motion to withdraw his guilty pleas, concluding that Anaya failed to establish a just reason to permit withdrawal. Anaya argues that this was error for the same reasons that he argues his appellate waiver is unenforceable--specifically, that his pleas were coerced by pressure from his counsel and the State and that Anaya was unaware he pled guilty to solicitation to commit a crime until after entry of his pleas. These arguments fail as to Anaya's challenge to the denial of his motion to withdraw guilty pleas for the same reasons they

fail as to his challenge to the enforceability of his appeal waiver. Consequently, Anaya has failed to show that the district court erred in denying his motion to withdraw his guilty pleas.

**C.      Sentence Reviews**

Anaya argues that the district court imposed excessive sentences by failing to properly consider certain mitigating factors. Anaya's challenge to the reasonableness of his sentences falls within the scope of his appeal waiver, which precludes appeals of all matters involving his sentences. As set forth above, Anaya's appeal waiver is valid and enforceable. Consequently, we hold that Anaya's challenge to his sentences has been waived by his plea agreement. *See* I.C.R. 11(f)(1); *State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). Accordingly, we will not address the merits of Anaya's sentencing claim.

**III.**

**CONCLUSION**

The record reflects that Anaya's appeal waiver was a component of the voluntary and intelligent guilty pleas he entered pursuant to a plea agreement. Consequently, Anaya's challenge to the enforceability of the waiver fails. Even if Anaya's appeal waiver does not bar his challenge to the denial of his motion to withdraw his guilty pleas, the record shows that Anaya entered voluntary and intelligent guilty pleas and, therefore, his challenge to the denial of his motion to withdraw his guilty pleas fails. Additionally, Anaya's challenge to the reasonableness of his sentences is barred by his appeal waiver. Accordingly, Anaya's judgment of conviction and aggregate sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault, enhanced for use of a deadly weapon; unlawful possession of a firearm; and criminal solicitation to commit a crime are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

7