872 P.2d 719

The STATE of Idaho, Plaintiff–
Respondent,

v.

Michael David MURPHY,
Defendant–Appellant.

No. 20464.

Supreme Court of Idaho.

April 19, 1994.

Alan E. Trimming, Ada County Public Defender, Boise, for appellant. Deborah A. Whipple argued.

Larry EchoHawk, Idaho Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

TROUT, Justice.

## BACKGROUND

Michael David Murphy (Murphy) pled guilty to three counts of rape and two counts of robbery. In exchange for his guilty plea, the State dismissed three counts of kidnapping and one count of robbery. As a part of the plea agreement, Murphy agreed to waive his right to appeal from the judgment and sentence. Murphy was sentenced to a maximum indeterminate sentence of life in prison with a fixed term of forty years on each count, all to be served concurrently. Although Murphy waived his right to appeal, he has appealed nonetheless, asking this Court to determine whether his waiver precludes our review of his sentence. We will not review his sentence because we hold that he has voluntarily waived his right to appeal.

## MURPHY VOLUNTARILY WAIVED HIS RIGHT TO APPEAL

Murphy questions on appeal whether Idaho law supports a waiver of his right to appeal and whether public policy supports such a waiver. The law has long since recognized that a criminal defendant by pleading guilty waives certain constitutional rights including, the privilege against self-incrimina-

tion, the right to a jury trial and the right of confrontation. *State v. Carrasco,* 117 Idaho 295, 297, 787 P.2d 281, 283 (1990). Waiver of these constitutional rights will be upheld if the entire record shows the waiver was made voluntarily, knowingly and intelligently. *Id.*

■ Murphy argues that this Court should find that any waiver of the right to appeal is void and unenforceable. We have not been cited to any persuasive authority for such a position, nor do we think there is valid support in Idaho for that position. The right to appeal is purely a statutory right and is not a right guaranteed by any provision of the federal or state constitutions. I.C. § 19–2801. Given the fact that constitutional rights may be waived, there is no doubt that a statutory right may be waived as well. *See United States v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992) (it is not a due process violation for a defendant to waive a nonconstitutional right, such as a statutory right to appeal); *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (there is no constitutional right to appeal).

■ Since the waiver of the right to appeal in this case was entered as a part of the plea agreement, we employ the same analysis as we would in determining the validity of any plea of guilty. In this instance the record of the hearing at which Murphy's plea was accepted demonstrates that Murphy was not coerced into accepting the waiver of appeal and knew full well the consequences of waiving his right to appeal the judgment and sentence. In the colloquy between the district judge and Murphy, the judge specifically inquired about Murphy's waiver of his right to appeal and confirmed that Murphy had no questions about that waiver. The record is clear that Murphy accepted the risks in exchange for the State's dismissal of three counts of kidnapping and one count of robbery. Accordingly, we find that Murphy's right to appeal the judgment and sentence was waived knowingly, voluntarily and intelligently.

■ Murphy also asserts that waivers of the right to appeal are void and unenforcea-ble as they are against public policy. Again he cites no persuasive authority for this proposition and merely asks us to rely on the reasoning of other state courts. This ignores I.C.R. 11(d)(1), a rule adopted by this Court which specifically contemplates plea agreements in which the defendant waives his right to appeal the judgment and sentence of the court. Through this Court's rulemaking process, input is sought from the bench, bar and members of the public on appropriate and necessary rules governing procedures in Idaho's courts. It would be difficult to imagine a clearer statement of the policy of this Court and the bench and bar of this state than that embodied in Rule 11(d)(1).

Moreover, there is a strong public policy in favor of the savings of time and money and assurance of finality which are benefits of plea agreements. Nothing presented by Murphy dissuades us from the opinion that the ability to waive the right to appeal as part of a negotiated plea agreement serves an important public interest.

## CONCLUSION

We hold that there is no basis for Murphy's challenge to his waiver of the right to appeal, and the record reflects that the waiver was knowingly, voluntarily and intelligently entered as a part of his plea agreement. There is, therefore, no reason to address his further challenge to the reasonableness of the sentence imposed. The appeal is hereby dismissed.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ., concur.