**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37080**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 659 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON KUHLMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Appeal from judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for delivery of a controlled substance, <u>dismissed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Brandon Kuhlman entered an *Alford* plea of guilty[1] to delivery of a controlled substance. I.C. § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Kuhlman to a unified term of four years, with a minimum period of confinement of two years. The district court retained jurisdiction for 180 days and, following successful completion of the retained jurisdiction, placed Kuhlman on supervised probation. Less than two months later, Kuhlman absconded supervision and a report of violation was filed.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Kuhlman appeals, challenging the excessiveness of his sentence. On appeal, however, the state argues that Kuhlman's appeal should be dismissed because he has absconded from the requirements of his supervised probation and there is an outstanding warrant for him.

The right to appeal is not a right guaranteed by any provision of the federal or state constitutions; rather, it is purely a statutory right and may be waived. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). However, there is neither a statutory nor an appellate rule that requires the dismissal of a defendant's appeal as a result of the defendant's fugitive status during the pendency of the appeal. *See State v. Schneider*, 126 Idaho 624, 626, 888 P.2d 798, 800 (Ct. App. 1995). In *Schneider*, we held that the decision whether to dismiss a criminal defendant's appeal who had temporarily escaped from custody was within the appellate court's sound discretion. *Schneider*, 126 Idaho at 626, 888 P.2d at 800. We exercised our discretion and denied the state's dismissal motion, concluding that the defendant's short-term fugitive status did not interfere with the orderly processing of his appeal. *Id.* at 627, 888 P.2d at 801.

Unlike the cases where the defendant is considered a former fugitive and dismissal of the defendant's appeal is dependent upon the reviewing court's discretion, when a defendant remains a fugitive and has not surrendered to the authorities prior to the time an appeal is submitted for decision, courts have employed the fugitive dismissal rule almost categorically. *Molinaro v. New Jersey*, 396 U.S. 365 (1970). In *Molinaro*, the United States Supreme Court addressed this issue and declined to adjudicate a defendant's case where the defendant had jumped bail and was considered a fugitive from justice. In dismissing the defendant's appeal, the Court held:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro*, 396 U.S. at 366.

In the instant case, Kuhlman has absconded from the requirements of his supervision and a warrant for his arrest is outstanding. His fugitive status, for the purposes of his appeal, is now permanent because he had not surrendered to the authorities of the State of Idaho prior to the time his appeal was submitted to this Court for decision. Consequently, although it remains within our discretion to address Kuhlman's appeal, we see no reason why he is entitled to the resources of the

appellate process.  Accordingly, we hold that Kuhlman has waived his right to appeal, and his appeal is dismissed.[2]

---

[2]     In the alternative, we have also reviewed Kuhlman's claim that his sentence is excessive and, had we not dismissed his appeal, would have affirmed the sentence on the merits.