IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38697

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 757 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 29, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN ROBERT WICKLUND, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and consecutive unified sentences of twelve years, with two years determinate, for aggravated battery; and five years, with two years determinate, for aggravated assault, affirmed.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Justin Robert Wicklund pleaded guilty to aggravated battery, Idaho Code §§ 18-903(a), 18-907(a) (reduced from a charge of rape); and aggravated assault, I.C. §§ 18-901, 18-905; and another charge was dismissed. The district court sentenced Wicklund to a unified term of twelve years, with two years determinate, for aggravated battery; and a unified term of five years, with two years determinate, for aggravated assault. Wicklund appeals, contending that his sentences are excessive.

We first address the State's argument that as a term of his plea agreement, Wicklund waived his right to appeal his sentences. A waiver of the right to appeal as a term of a plea

1

agreement is valid and will be enforced if it was made voluntarily, knowingly, and intelligently. Idaho Criminal Rule 11(f)(1); *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994). Wicklund's plea agreement specified that he was waiving the right to appeal any issues in the case, including his sentences, except that "the defendant may appeal the sentence if the Court exceeds the determinate portion of the State's sentencing recommendation of the 'Jail/Prison Terms' set forth above." The "Jail/Prison Terms" section of the plea agreement did not specify any recommendation that the State was required to make but, to the contrary, stated "Open Rec.," presumably indicating that the State was unrestrained on any recommendation that it made. The parties disagree about the meaning of this "Open Rec." entry, but any ambiguity was resolved by the district court in colloquy with the defendant during the change of plea hearing, where the following exchange occurred:

> THE COURT: Now, this plea agreement, though, does indicate that if the state recommends a sentence and I follow their recommendation or do something less regarding the fixed time of their sentence that you've then waived the right to appeal or file any motions for leniency later. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: Question 27 remains blank, and I guess part of the reason--That's the question about have you waived your right to appeal. You really don't know until you know what they recommend and what I do; correct?
> THE DEFENDANT: Yes.
> THE COURT: But you understand that if I follow what they do for fixed time or do something less, you have waived that right, sir?
> THE DEFENDANT: Yes.

At the sentencing hearing, the State recommended a ten-year sentence with five years determinate for aggravated battery and a consecutive indeterminate five-year term of imprisonment for aggravated assault, for an aggregate sentence of fifteen years with five years determinate. The district court imposed a unified twelve-year sentence with two years determinate for aggravated battery and a unified five-year term with two years determinate for aggravated assault. Thus, neither the determinate term for aggravated battery nor the aggregate determinate term imposed by the district court exceeded the State's sentencing recommendations, but the two-year determinate sentence for aggravated assault was greater than the determinate term recommended by the State, which was zero. Therefore, we conclude that Wicklund's challenge to the sentence for aggravated battery has been waived, but we will review the sentence for aggravated assault.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we hold that Wicklund's sentence for aggravated assault is not excessive.

Therefore, Wicklund's judgment of conviction and sentences are affirmed.