**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38848**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 308** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 4, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHAWN SACOLICK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order relinquishing jurisdiction and requiring execution of unified sentence of ten years with a minimum period of confinement of four years for sexual abuse of a minor, _affirmed_.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Shawn Sacolick pleaded guilty to sexual abuse of a minor, Idaho Code § 18-1506(b). As a term of his plea agreement, Sacolick waived "his right to appeal sentence or file Rule 35 Motion as to this execution of this agreement." Other terms of the agreement provided that the court would retain jurisdiction and that any sentence would be concurrent with a sentence in another case. The district court imposed a unified sentence of ten years with four years determinate and retained jurisdiction for 180 days. Approximately four months later, the court relinquished jurisdiction and ordered execution of Sacolick's sentence.

1

Sacolick appeals, contending that the court abused its discretion in failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

We hold that Sacolick is prohibited from pursuing this claim of error on appeal because he waived his right to do so. The right of a criminal defendant to appeal is a statutory right that may be waived. *State v. Cope*, 142 Idaho 492, 496, 129 P.3d 1241, 1245 (2006). When a defendant waives the right to appeal as a term of a plea agreement, such waiver is enforceable if the record shows that it was voluntarily, knowingly, and intelligently made. *Id.*; *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Here, Sacolick waived both his right to appeal the sentence and his right to pursue a Rule 35 motion for reduction of the sentence. On appeal, Sacolick attempts to evade this waiver by characterizing his claim as one that the court abused its discretion by failing to sua sponte reduce his sentence upon relinquishing jurisdiction. However, this is nothing more than a claim that his sentence is excessive. Because Sacolick has waived his right to pursue such a claim on appeal, we will not address it. Therefore, the order relinquishing jurisdiction and directing execution of Sacolick's previously suspended sentence is affirmed.