THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40729

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 689 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DUSTIN JAMES FAULKNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Appeal from judgment of conviction and three-year determinate sentence for aggravated battery, dismissed.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

PER CURIAM

Pursuant to a plea agreement, Dustin James Faulkner pled guilty to aggravated battery, Idaho Code §§ 18-903(a) and 18-907(1)(a). As part of the plea agreement, the parties stipulated to a three-year determinate sentence and Faulkner agreed to waive his right to appeal his sentence. The district court accepted the plea agreement and sentenced Faulkner to a determinate term of three years to run concurrently with the other sentences Faulkner was serving.[1] Faulkner now appeals, contending only that his sentence is excessive.

---

[1] Before sentencing, Faulkner filed an Idaho Criminal Rule 35 motion for reduction of his sentence. The district court declined to rule on the motion, as no judgment or sentence had been entered.

1

The State argues this appeal should be dismissed because Faulkner waived his right to appeal his sentence. We agree. A waiver of the right to appeal a sentence, as a component of a plea agreement, is valid and enforceable if it was made voluntarily, knowingly, and intelligently. *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994). *See also* I.C.R 11(f)(1). Faulkner has not presented any argument as to why the waiver should be deemed invalid or unenforceable: he does not challenge the validity of the waiver provision in the plea agreement, does not contend the State violated the plea agreement, and does not claim that he did not enter into the plea agreement voluntarily, knowingly, and intelligently. As such, we will enforce the waiver. The appeal is hereby dismissed.