# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40800

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 336 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSHUA ANDREW MORT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Appeal from order relinquishing jurisdiction and requiring execution of unified four-year sentence with two-year determinate term for possession of methamphetamine, and concurrent 180-day jail sentence for misdemeanor domestic battery, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Joshua Andrew Mort was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1), and misdemeanor domestic battery, I.C. §§ 18-903, 18-918(4) or (5). The district court imposed a unified sentence of four years with two years determinate for possession and a concurrent 180-day jail sentence for misdemeanor domestic battery, suspended the sentences and placed Mort on supervised probation. Subsequently, Mort admitted to violating several terms of his probation. The district court revoked probation, ordered execution of the underlying sentences, and retained jurisdiction. At the conclusion of the retained jurisdiction

1

program, the court relinquished jurisdiction and ordered execution of Mort's sentences. Mort appeals, contending that the court abused its discretion in failing to sua sponte reduce his sentences upon relinquishing jurisdiction.

Mort's appeal must be dismissed because, as a term of his plea agreement, he waived his right to appeal "any issues in this case, including all matters involving the plea or the sentence and any rulings made by the court." The plea agreement further provided that "the defendant may appeal the sentence if the court exceeds (1) the determinate portion of the State's sentencing recommendation, and/or (2) the State's recommendation of probation, and/or (3) the State's recommendation of retained jurisdiction." The district court did not exceed the State's sentencing recommendation. Therefore, Mort waived the right to appeal with respect to the issues that he now attempts to present to this Court. Idaho Criminal Rule 11(d)(3) specifically contemplates that a defendant's right of appeal may be waived as a component of a plea agreement. Such waivers are enforceable when they are made knowingly, voluntarily, and intelligently. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Mort does not dispute the validity of his waiver. Because Mort has waived his right to appeal, this appeal is dismissed.