# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47184

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 3, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| AMURI MMENENWA YANGYA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three years, for battery with intent to commit a serious felony, <u>affirmed</u>; case <u>remanded</u> for review of presentence investigation report.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Amuri Mmenenwa Yangya appeals from his judgment of conviction and sentence for battery with intent to commit a serious felony. Yangya requests that we remand this case for the district court to remove material from an addendum to the presentence investigation report (PSI). Yangya also challenges his sentence although he waived his right to appeal his judgment and sentence as part of his plea agreement. We affirm Yangya's judgment of conviction and sentence. We remand the case, however, for the district court to ensure that any changes made to the PSI during sentencing are reflected in the version subject to disclosure under I.C.R. 32(h).

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Yangya was charged with rape and forcible sexual penetration by use of a foreign object. Pursuant to a plea agreement, Yangya pled guilty to battery with the intent to commit a serious felony.[1] I.C. § 18-911. In exchange for Yangya's guilty plea, the State agreed to recommend that the district court retain jurisdiction. During sentencing, Yangya joined a motion by the State to "strike" a letter (and any reference to it) from an addendum to Yangya's PSI, arguing that the letter was related to a different case and irrelevant. The district court orally granted the parties' request. The district court then sentenced Yangya to a unified term of fifteen years, with a minimum period of confinement of three years. Yangya appeals.

# II.

## ANALYSIS

Yangya argues that the district court erred by failing to actually remove the letter and any references to it from the addendum to his PSI and by imposing an excessive sentence. The State responds that Yangya's challenge to the PSI addendum is moot and that he waived his right to appeal his sentence. Alternatively, the State contends that Yangya's sentencing claim fails on the merits. We hold that Yangya waived his right to appeal his sentence as part of his plea agreement but remand the case to ensure that the changes the district court made to the PSI are reflected in the version subject to disclosure under I.C.R. 32(h).

### A. Addendum to PSI

At sentencing, the parties agreed that a PSI addendum filed five days prior to the sentencing hearing included comments about a letter written by a different defendant, with the letter attached thereto, that should not have been considered because it was unrelated to Yangya's case. The district court responded that it would "direct that the letter be removed from this file." On appeal, Yangya asserts that, although the district court agreed to remove the letter, "for some reason the letter and commentary was not stricken from the PSI." Yangya contends that this case should be remanded for correction of the PSI pursuant this Court's opinion in *State v. Molen*, 148 Idaho 950,

---

[1]    As part of the plea agreement, Yangya also pled guilty to misdemeanors in two unrelated cases. Those misdemeanors are not at issue in this appeal.

231 P.3d 1047 (Ct. App. 2010). The State contends that remand is inappropriate and not required because there is no adverse ruling given that the district court agreed the irrelevant material should be "removed" and that the relief Yangya seeks must be pursued in district court. We conclude that a limited remand is required by *Molen*.

In *Molen*, the defendant moved to strike certain hearsay information from the PSI. The district court agreed to disregard the information for sentencing purposes, but declined to cross it out on the PSI. On appeal, Molen argued that the district court erred by not striking the challenged information. This Court agreed and concluded that, because there was an insufficient basis for finding the challenged information reliable, its inclusion in the PSI was unwarranted. *Id.* at 961, 231 P.3d at 1058. The Court further stated that "the unreliable information should have been stricken from the PSI to prevent future prejudice to Molen" and directed the district court to "cross out this information on Molen's PSI and send a corrected copy to the Department of Correction." *Id.*

Unlike in *Molen*, where the district court expressly declined the defendant's request, the district court in this case directed the irrelevant material to be removed from "this file." However, the only version of the PSI addendum included in the appellate record was filed prior to Yangya's sentencing and includes the irrelevant material the district court indicated should be removed. There is no other indication in the record that the district court actually took steps to correct the addendum after sentencing Yangya. Consequently, this Court cannot determine whether the district court complied with *Molen* by crossing-out or redlining the erroneous information. Because the corrected version of the PSI addendum is absent from the appellate record in this case, we remand to the district court to ensure that the irrelevant material has been removed from Yangya's PSI and that the corrected report is the one distributed pursuant to I.C.R. 32(h).

**B.     Sentence**

Yangya argues that the district court imposed an excessive sentence by failing to consider certain mitigating factors; specifically, his acceptance of responsibility, his intoxication at the time of the offense, his familial support, and that he is his family's main source of financial support. We will not review Yangya's sentence because he waived his right to appeal the sentence as part of his plea agreement.

3

A waiver of the right to appeal a sentence, as a component of a plea agreement, is valid and enforceable if it was made voluntarily, knowingly, and intelligently. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994); s*ee also* I.C.R 11(f)(1). In his guilty plea advisory form, Yangya answered "yes" to the question of whether he waived the right to appeal his judgment of conviction and sentence. Yangya also indicated in the form that he understood his rights, was entering a guilty plea, and was freely and voluntarily waiving certain rights. During his plea colloquy with the district court, Yangya confirmed that he understood the questions in the guilty plea advisory form and that he answered them honestly. Yangya further confirmed that he understood the charge against him; potential penalties; terms of the plea agreement; his rights; and that his guilty plea was knowing, voluntary, and intelligent. On appeal, Yangya has neither acknowledged his appeal waiver nor presented any argument as to why his waiver is invalid or unenforceable. Consequently, we will not address Yangya's challenge to his sentence.

## III.

## CONCLUSION

Yangya waived the right to appeal his sentence. Consequently, we will not address the merits of Yangya's sentencing claim and his judgment of conviction is affirmed. However, the record on appeal does not contain the corrections to the PSI ordered by the district court. For this reason, we remand this case for the district court to ensure that the corrections are reflected on the version of Yangya's PSI subject to disclosure under I.C.R. 32(h).

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

4