**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48221**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 31, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MATTHEW KIRK BROWN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Lansing L. Haynes, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction and sentence for aggravated driving under the influence, <u>affirmed</u>.

Finney Finney & Finney, P.A.; Rex A. Finney, Sandpoint, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Matthew Kirk Brown appeals from the district court's judgment of conviction for aggravated driving under the influence. Brown argues that the district court erred by denying his motion to suppress and imposing an excessive sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Brown was charged with aggravated driving under the influence in violation of Idaho Code § 18-8006. The charges arose after Brown was involved in a motor vehicle crash which occurred when Brown crossed the center lane and hit another vehicle head-on. The collision left Brown and the driver of the other vehicle in critical condition. Brown was extricated from his vehicle and transported by Life Flight to a nearby hospital. While Brown was at the hospital and unconscious, law enforcement took a blood sample from Brown. Subsequent blood testing revealed the presence

1

of multiple intoxicating substances. Consequently, the State charged Brown with the above-listed offense.

Brown moved to suppress the results of the warrantless blood draw. After a hearing on Brown's motion, the district court denied Brown's motion to suppress. After denial of the motion to suppress, the parties entered into a plea agreement. Brown pled guilty to the charge and the district court sentenced Brown to seven years with three years determinate. Brown timely appeals.

## II.

## ANALYSIS

On appeal, Brown argues that the district court erred by: (1) denying his motion to suppress; and (2) imposing a sentence that was too harsh. We will address each of these contentions in turn below.

### A. Motion to Suppress

Brown argues that the district court erred by denying his motion to suppress because the State failed to adequately prove that Brown's warrantless blood draw was justified by an exception to the warrant requirement. In response, the State contends that Brown waived his right to appeal the district court's denial of his motion to suppress as a part of the plea agreement. We agree with the State.

Defendants may waive their right to appeal as a term of a plea agreement. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2012). A waiver of the right to appeal included as a term of a plea agreement is enforceable if the record shows that it was voluntarily, knowingly, and intelligently made. *State v. Cope*, 142 Idaho 492, 496, 129 P.3d 1241, 1245 (2006). Appellate courts employ the same analysis used to determine the validity of any guilty plea when evaluating the enforceability of a waiver of the right to appeal provided as part of a plea agreement. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). When the validity of a guilty plea is challenged on appeal, we conduct an independent review of the record. *State v. Hawkins*, 115 Idaho 719, 720, 769 P.2d 596, 597 (Ct. App. 1989). If the evidence is conflicting as to the circumstances surrounding the plea, we will accept the trial court's findings of fact supported by substantial evidence. *Id*. at 720-21, 769 P.2d at 597-98. However, we will freely review the trial court's application of constitutional requirements to the facts found. *Id*. at 721, 769 P.2d at 598.

At the change of plea hearing, the district court discussed the parties' plea agreement in the following exchange:

| | |
|---|---|
| Court: | So with that recital of the plea agreement is the State satisfied that the Court has addressed the plea agreement to your satisfaction? |
| Prosecutor: | With one exception, your Honor. |
| Court: | Go ahead. |
| Prosecutor: | That would be that the defendant in--and the Court accepting his plea he would agree that he would waive all rights to appeal on any previous motions that he had. The only issue he could raise on appeal would be if he felt that the Court gave an excessive sentence. |
| Court: | I did see that provision . . . certainly it's understood, I think, between the parties that the only appeal available to Mr. Brown after a guilty plea would be appealing the length of the sentence.<br>But, with that, have we stated the plea agreement to the defense's satisfaction? |
| Defense: | Yes, your Honor. Thank you. |
| Court: | And that was a good point to bring up. Thank you for doing so.<br>So, Mr. Brown, do you understand the plea agreement? |
| Brown: | Yes, your honor. |

Later, the district court again addressed Brown's agreement to waive his rights to appeal:

| | |
|---|---|
| Court: | Now, some further provisions of this plea agreement is that you're giving up your right to appeal decisions by the Court that were prior to today's guilty plea.<br>Do you understand that? |
| Brown: | Yes, your Honor. |
| Court: | So on your Motion to Suppress evidence, when I denied that motion, by your pleading guilty today you no longer have a right to appeal that decision to a higher court.<br>Do you understand that? |
| Brown: | Yes, your Honor. |
| Court: | The only issue on appeal that you would have would be whether my sentence was excessive depending on whatever that sentence may be.<br>Do you understand that? |
| Brown: | Yes, your Honor. |

Thereafter, the district court engaged in an extensive plea colloquy with Brown. Brown expressly stated that he understood the terms of the plea agreement, had adequate time to discuss the agreement and guilty plea with counsel, and was pleading guilty freely and voluntarily. The district court concluded that the plea agreement and Brown's guilty plea were made voluntarily, knowingly, and intelligently. After engaging in the colloquy, Brown entered a plea of guilty to aggravated driving under the influence.

Based on the record before this Court, we conclude that Brown waived his right to appeal the district court's denial of his motion to suppress as a term of his plea agreement. In addition,

3

we conclude that the waiver is enforceable against Brown as the plea agreement was entered into voluntarily, knowingly, and intelligently. Moreover, Brown does not attempt to challenge the validity of his plea agreement on appeal. Consequently, we decline to review Brown's claim that the district court erred by denying Brown's motion to suppress.

**B.     Sentence**

Brown argues that the district court imposed a sentence that was too harsh given the circumstances. Specifically, Brown contends that this was his first felony conviction, he agreed to pay restitution to the victim, and he has the ability to be rehabilitated. In response, the State contends that the district court appropriately considered the sentencing objectives and imposed a reasonable sentence given the facts of the case. We agree with the State.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The statutory maximum for the violation of I.C. § 18-8006 is fifteen years imprisonment. As noted above, the district court sentenced Brown to seven years with three years determinate for aggravated driving under the influence. The sentence imposed by the district court was not unreasonable upon review of the facts of the case. The district court expressly considered Brown's criminal history, the impact of the crime on the victim, the presentence investigation report, and the sentencing objectives before imposing Brown's sentence. Upon review of Brown's criminal

4

history, the district court noted that Brown was young but had numerous misdemeanor violations, a probation violation, and multiple failed urinalysis tests while on supervision. The district court explained that the victim's impact statement and testimony of the trauma that she experienced because of the vehicle accident were influential in the court's decision. The district court examined the impact of Brown's crime on the victim stating: "This has to be considered on a somewhat high end of aggravated DUI cases. I say that because the damage to a victim that can result in an aggravated DUI conviction can range from relatively minor damage to horrific damage, and this is on the horrific side of that scale . . . ." The district court explained that Brown admitted to selling drugs during the time of the crime, committed another DUI while this case was pending, and had "a pattern of reckless behavior that put[] the public at risk." Finally, the district court explained that general deterrence was an important factor in this case stating:

> And so the deterrence of others has to be others have to know that, if you live the life that you're living, and put people recklessly in danger, and, in fact, actually, do the awful harm that is always the potential out there, that there has to be a stiff price for that. Society has to know that. I think there is a component of punishment that society has to expect in this matter.

Brown has failed to demonstrate that the sentence was unreasonable. Based upon an independent review of the record, we conclude that the sentence imposed was adequate to protect societal interests and further the sentencing objectives; thus, the district court did not abuse its discretion in imposing Brown's sentence.

## III.
## CONCLUSION

Brown waived his right to appeal the district court's denial of his motion to suppress. In addition, the district court did not impose an unreasonable sentence. Accordingly, we affirm the district court's judgment of conviction and sentence for aggravated driving under the influence.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.