# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50135

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 22, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| JUSTIN RICHARD SANDS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction and concurrent, unified sentences of six years, with minimum periods of confinement of three years, for possession of a controlled substance with intent to deliver and possession of a controlled substance, affirmed; order denying I.C.R. 35 motion for credit for time served, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Justin Richard Sands appeals from his judgment of conviction and concurrent, unified sentences of six years, with minimum periods of confinement of three years, for possession of a controlled substance with the intent to deliver and possession of a controlled substance. Sands also appeals from the order denying his I.C.R. 35 motion for credit for time served. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After officers responded to a home for a reported overdose, they located 82 grams of methamphetamine, 8.67 grams of fentanyl, 14.8 grams of marijuana, and a scale inside Sands'

1

backpack. The State charged Sands with trafficking in methamphetamine, possession of a controlled substance, and being a persistent violator. Pursuant to an I.C.R. 11(f) plea agreement, Sands pled guilty to an amended charge of possession of methamphetamine with the intent to deliver, I.C. § 37-2732(a), and possession of a controlled substance, I.C. § 37-2732(c)(1), and the State dismissed the persistent violator enhancement. Sands was diverted to drug court with the understanding that, if he failed to complete the program, he would serve "three years fixed, concurrently" and would receive "no credit for time served other than before the change of plea date." While in drug court, Sands served periods of incarceration as sanctions for noncompliant behavior before he was ultimately terminated from the program.

Following termination from drug court, the district court entered a judgment of conviction. At sentencing, the district court imposed concurrent, unified sentences of six years, with minimum periods of confinement of three years. Sands filed a Rule 35 motion for reduction of his sentences and a motion for credit for time served. At the hearing on Sands' motions, he requested the district court reduce his determinate terms to one year, although he acknowledged that he had agreed to serve three-year terms as a condition of the plea agreement. Sands also acknowledged that, as a term of his plea agreement, he waived credit for time served after his change of plea, which would include time served as a drug court sanction. The district court denied both of Sands' motions. Sands appeals.[1]

## II.

## STANDARD OF REVIEW

Sentencing decisions are reviewed for an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1] On appeal, Sands does not challenge the district court's denial of his Rule 35 motion for reduction of his sentences.

Whether a sentencing court has properly awarded credit for time served is a question of law, which is subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Sands contends that the district court abused its discretion by imposing excessive sentences. Sands argues that, while his sentences are not illegal, consideration of the mitigating factors in his case demonstrate that his sentences are excessive. Additionally, Sands contends that the district court erred in denying his motion for credit for time served. Specifically, Sands argues that he was entitled to credit for the periods of incarceration he served as sanctions while in drug court.

### A.    Sentence Reviews

Sands contends that proper consideration of the mitigating factors in his case warranted more lenient indeterminate terms of imprisonment.[2] Sands argues that the district court, therefore, failed to exercise reason and abused its discretion because it imposed objectively unreasonable and excessive sentences. We hold that Sands has failed to show his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and

---

[2]    Sands only argues that the indeterminate portions of his sentences are excessive as the determinate portions of his sentences were required by his Rule 11 plea agreement.

having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

## B.     Credit for Time Served

Sands argues that the district court erred in denying his motion for credit for time served for the time he served as a sanction for violating drug court rules. Sands contends that, even though the time served was the result of a drug court sanction, because the time is ultimately attributable to the underlying offenses, he is entitled to credit for that time. The State responds that, pursuant to his plea agreement, Sands validly waived his statutory right to receive credit for post-plea time served. In reply to the State's waiver argument, Sands asserts the district court invalidated the waiver term in the plea agreement. We hold that Sands waived his argument that he is entitled to additional credit for time served.

A criminal defendant can waive a statutory right in conjunction with a guilty plea. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Credit for time served is a statutory right governed by I.C. § 18-309. Pursuant to I.C. § 18-309, a defendant is entitled to credit for time served prior to entry of judgment.[3] *See State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct. App. 2014).

As part of his binding plea agreement, Sands agreed that, if he "fail[ed] to complete [drug court] and is terminated therefrom that he shall serve three years fixed, . . . and no[t receive] credit for time served other than before the change of plea date." After Sands was terminated from drug court, the district court entered judgment and imposed the agreed upon sentences with credit for eighty-four days served prior to judgment. Pursuant to Sands' subsequent request for additional credit for time served, the district court considered whether Sands was entitled to credit for time served in jail as a drug court sanction. Counsel for Sands conceded that Sands was not entitled to such credit pursuant to the plea agreement. Counsel stated: "You might generally say we have to

---

[3]     Idaho Code Section 18-309(1) reads, in relevant part: "In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered."

give those to him, but other than the plea agreement, . . . I think he's kind of stuck with this agreement."[4]

Notwithstanding the terms of his plea agreement or his concession at the hearing on his motion for credit for time served, Sands argues on appeal that he is "entitled to credit for *any* prejudgment incarceration" pursuant to I.C. § 18-309(1), including the time served as a drug court sanction. Sands cannot, however, concede an argument in the trial court and change positions on appeal. *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017) (explaining that allowing a party to change positions on appeal "would sharply cut against" the "longstanding . . . policy of requiring parties to present their arguments to the court below"). Sands seeks to avoid application of this preservation principle by arguing the district court "expressly rejected the entire term in the plea agreement relating to the credit for time served waiver" because it gave Sands credit for other time served prior to entry of judgment. This argument not only ignores the express concession at the hearing on Sands' motion for credit for time served, it also ignores the district court's express rejection of any claim that Sands was entitled to additional credit for time served. The district court stated that, although it awarded other credit despite the plea agreement, it "separated that from the time served for [drug] court sanctions" based on its understanding that "a defendant is not entitled to" credit for such time.

Although the plain language of I.C. § 18-309(1) supports a conclusion that a defendant is entitled to any credit for time served prior to entry of judgment, which would include time served in the form of a sanction, the statutory entitlement to such time can be waived. *See Murphy*, 125 Idaho at 457, 872 P.2d at 720 (recognizing ability to waive statutory right to appeal). There is no basis for concluding that constitutional rights can be waived, but statutory rights cannot. *Id.* ("Given the fact that constitutional rights may be waived, there is no doubt that a statutory right may be waived as well."). That the district court disregarded the waiver term in awarding other credit for time served--a decision the State did not appeal--does not mean the waiver term is

---

[4]    It appears this term of the plea agreement was due, in part, to the State's concession in amending the trafficking charge, which has a mandatory minimum sentence, to possession with intent to deliver, as well as dismissing the persistent violator enhancement.

unenforceable or that Sands is not constrained by his concession below.  Sands has failed to show error in the district court's denial of his motion for credit for time served.

## IV.

## CONCLUSION

Sands has failed to show the district court abused its sentencing discretion.  Sands has waived his challenge to the district court's denial of his request for additional credit for time served as a drug court sanction.  Accordingly, Sands' judgment of conviction and concurrent, unified sentences of six years, with minimum periods of confinement of three years, and the order of the district court denying Sands' motion for credit for time served are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.